UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ZACHARY GREENE, § | |
|     **Plaintiff,** § | |
| § | |
| vs. § | CIVIL ACTION NO. |
| § | |
| LIVE OAK BK, LLC d/b/a DENNY'S § | |
|     **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ZACHARY GREENE ("Plaintiff"), to file Plaintiff's Original Petition, showing the Court the following:

### I. INTRODUCTION

1. Plaintiff is an openly gay male. This is an action by Plaintiff against Plaintiff's former employer for sex/sexual orientation/gender discrimination, harassment and hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended.

### II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331.

3. Venue is proper in this district under 28. U.S.C. §1391(b)(2).

### III. PARTIES

4. Plaintiff resides in Austin, Travis County, Texas.

5. Defendant is a Texas limited liability company and can be served through their registered agent, Fazil Malik, at 17171 Park Row Dr., Ste 295, Houston, Texas 77084.

### IV.  CONDITIONS PRECEDENT/TIMELINESS

6. All conditions precedent to Plaintiff's recovery against Defendant has been met, performed, waived, expired and/or occurred.

7. On November 7, 2018, Plaintiff filed a Charge of Discrimination against Defendant jointly with the Equal Employment Opportunity Commission (EEOC) and with the Texas Workforce Commission, Civil Rights Division (TWC).

8. The EEOC issued a Notice of Right to Sue on October 2, 2020, and ***specifically found that Defendant had violated Title VII***.

9. Plaintiff timely filed this suit within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

### V.  FACTS

10. Plaintiff is an openly gay male who was employed with Defendant in Austin, Texas, as a server.  At all times, Plaintiff was qualified for this position.

11. Plaintiff was hired on or about May 4, 2018.  Shortly after being hired, fellow co-workers began harassing the Plaintiff.  Initially, this harassment included unwelcomed touching, sexually suggestive and offensive remarks, and derogatory comments about Plaintiff's body parts and sexual orientation. For example, a female co-worker (another server) named Jazisimane stated, "look at that big ass booty," and "I know you're gay but let me show you what this pussy can do." Jazisimane also would grope Plaintiff's buttocks despite Plaintiff's repeated requests that she stop. Jazisimane would also try to sabotage Plaintiff's work by stealing Plaintiff's tables and hiding Plaintiff's trays.   She was never disciplined for any of

the same.

12. Another female server named Cortney, more than once, grabbed Plaintiff's chest and say, "you got bigger titties than I do" and "you need to put them in a bra because I can see your nipples." Plaintiff also asked Courtney to stop after the first incident, yet she did it again.

13. On another occasion, a dish washer/busboy named Tommy called Plaintiff a "punk ass bitch" and a "fucking fagot" in front of customers on the dining room floor because, during a very busy period, Plaintiff was forced to buss tables thereby potentially affected Tommy's portion of the tips. They were not going to fire Tommy, however, Tommy forced Defendant's hand when Defendant's General Manager Ramona Steadman asked Tommy to apologize to Plaintiff and Tommy said, "I'm sorry … you fuckin' fagot!!!"

14. Plaintiff reported all of the above the incidents to General Manager Ramona Steadman and to the Corporate Office.

15. A couple days later, the Regional Manager of Restaurant Operations, Jeremy Little, came to the restaurant and alleged that he was investigating Plaintiff's complaints. However, Plaintiff's harassment continued.

16. On or about March 27, 2018, the harassment became violent.  On that day, Plaintiff asked Jarell Hernandez. (a Hispanic Male), another dish washer/busboy to help clean/bus tables because it is busy again, however, he also responded by calling Plaintiff a "punk ass" and a "faggot." Jarell's brother, Joshua Hernandez (a Hispanic Male), who was a cook, heard the commotion and came to the area and repeated the insults to Plaintiff.  Joshua threatened Plaintiff with bodily harm by saying he would "whoop [Plaintiff's] ass," and that he would "drop [Plaintiff's] ass right here, fuck this job."  Other employees went to go get the on duty

General Manager James Donally (a White Male) to help defend the Plaintiff. After he arrived, Mr. Donally pulled the Hispanic men aside to speak to them privately. In the meantime, Plaintiff went back to work.

17. About a half hour later, Mr. Donally called Plaintiff into the office. Without ever asking for Plaintiff's side of the story, Mr. Donally terminated Plaintiff. Mr. Donally stated that he was instructed to do so by Defendant's other General Manager, Ramona Steadman – to whom Plaintiff had previously made his complaints of discrimination, harassment and a hostile work environment.

18. Mr. Donally asked Plaintiff to sign a write up for the altercation, and also suddenly present Plaintiff with another write up regarding an alleged complaint from a customer who had moved a table in front of a fire exit. In that incident, Plaintiff notified the customer that, as per Defendant's training, the table could not block the fire exit. When the customer refused to move the table back, Plaintiff notified Mr. Donally, who agreed with Plaintiff and moved the table back. However, suddenly, to pad their bogus termination, Defendant attempted to turn the incident into a disciplinary action despite the fact that Plaintiff had acted appropriately.

19. On May 31, 2018, Plaintiff went to pick up Plaintiff's final check and Mr. Donally, for the first time, after Plaintiff's termination, presented Plaintiff with yet a third disciplinary action for allegedly touching Plaintiff's own forehead while on the dining room floor. Something Plaintiff had absolutely no knowledge of.

20. Both of the new disciplinary actions were dated May 27, 2018 - the same date that Plaintiff was attacked and terminated.

21. Neither Joshua nor Jarell Hernandez were terminated.

22. In a rare determination, the EEOC determined that "Respondent violated Title VII when [Plaintiff] was subjected to harassment and a sexually hostile work environment based on [Plaintiff's] sex (sexual orientation and/or gender). The harassment was sufficiently severe or pervasive to affect the terms and conditions [Plaintiff's] employment. I also find that Respondent retaliated against [Plaintiff] for [Plaintiff's] protected complaints regarding [Plaintiff's] coworkers' sexually harassing remarks and threats or physical intimidation by terminating [Plaintiff's] employment, in violation of Title VII.

## VI. CAUSES OF ACTION

### A. SEX/SEXUAL ORIENTATION/GENDER DISCRIMINATION, HARASSMENT AND A HOSTILE WORK ENVIRONMENT

23. Plaintiff repeats and re-alleges all of the above paragraphs, the same as if fully set forth herein.

24. Defendant is an employer and Plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

25. Plaintiff is a member of a protected class, namely, Plaintiff was a homosexual male. At all times, Plaintiff was qualified for Plaintiff's position with Defendant.

26. The Defendant discriminated against Plaintiff because of Plaintiff's sex/sexual orientation/gender (homosexual male) in violation of Title VII. See *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1734 (2020) (it was impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex/sexual orientation/gender .)

27. Defendant subjected Plaintiff to unwelcome harassment and a hostile work environment because of Plaintiff's sex/sexual orientation/gender (homosexual male) in violation of Title

VII. The harassment and hostile work environment affected the terms, conditions, and/or privileges of Plaintiff's employment. The harassment and hostile work environment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment given the frequency of the discriminatory conduct, its severity, its physically threatening, intimidating, humiliating, and offensive nature, and that it unreasonably interfered with Plaintiff's work performance and undermined Plaintiff's workplace competence. The harassment and hostile work environment were objectively offensive. Defendant knew or should have known of the harassment and hostile work environment and failed to take prompt remedial action. Defendant's harassment and a hostile work environment of Plaintiff resulted in a tangible employment action (termination).

28. Defendant subjected Plaintiff to disparate treatment because of Plaintiff's sex/sexual orientation/gender (homosexual male) in that similarly situated employees outside of Plaintiff's protected classifications were treated more favorably under nearly identical circumstances in violation of Title VII. Plaintiff was terminated and replaced by someone outside of Plaintiff's protected class.

29. Defendant terminated Plaintiff from Plaintiff's position with Defendant because of Plaintiff's sex/sexual orientation/gender (homosexual male) in violation of Title VII.

30. Defendant's alleged justification for Plaintiff's termination was pretext for sex/sexual orientation/gender discrimination in violation of Title VII.

31. Under Title VII, Defendant is liable for sex/sexual orientation/gender discrimination.

32. Defendant's sex/sexual orientation/gender discrimination was willful, malicious, and made with reckless disregard for Plaintiff's rights.

33. Defendant's sex/sexual orientation/gender discrimination caused Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, and loss of enjoyment of life.

34. Defendant is liable for back pay, front pay, punitive damages, compensatory damages, reasonable attorney's fees, and costs.

B. RETALIATION

35. Plaintiff repeats and re-alleges all of the above paragraphs, the same as if fully set forth herein.

36. Defendant is an employer and Plaintiff is an employee within the meaning of Title VII.

37. Plaintiff engaged in activity protected by Title VII (opposing unlawful employment practices and making complaints of sex/sexual orientation/gender discrimination and of harassment and a hostile work environment).

38. Plaintiff was subject to an adverse employment action in that Defendant terminated Plaintiff from Plaintiff's position in retaliation for exercising Plaintiff's rights under Title VII (opposing unlawful employment practices and making complaints of sex/sexual orientation/gender discrimination and of harassment and a hostile work environment) in violation of Title VII.

39. A causal link exists between the protected activity and the adverse employment action.

40. Defendant's alleged justification for Plaintiff's termination was pretext for retaliation in violation of Title VII.

41. Under Title VII, Defendant is liable for retaliation.

42. Defendant's retaliation was willful, malicious, and made with reckless disregard for Plaintiff's rights.

43. Defendant's retaliation caused Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, and loss of enjoyment of life.

44. Defendant is liable for back pay, front pay, punitive damages, compensatory damages, reasonable attorney' fees, and costs.

### D. INCONSISTENT CAUSES OF ACTION

45. To the extent that any causes of action or theories pled by Plaintiff are deemed inconsistent, said inconsistent causes of action and/or theories are intended to be pled "In the Alternative."

### VII. ATTORNEYS' FEES

46. Plaintiff is also entitled to an award of their reasonable and necessary attorneys' fees under Title VII.

### VIII. JURY TRIAL

47. Plaintiff requests a jury trial.

### IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that on final trial Plaintiff have the following:

a. Award Plaintiff back pay and front pay.

b. Award Plaintiff compensatory damages, including mental anguish damages.

c. Award Plaintiff punitive or exemplary damages.

d. Award Plaintiff general, actual and consequential damages.

e. Award Plaintiff prejudgment and post-judgment interest as provided by law.

f. Award Plaintiff costs of suit and reasonable attorneys' fees.

g. Award Plaintiff such other and further relief to which Plaintiff is justly entitled.

        Respectfully submitted,

        THE LAW OFFICE OF
        JACK QUENTIN NICHOLS
        901 S. Mopac Expressway
        Barton Oaks Plaza One, Suite 300
        Austin, Texas 78746
        (512) 595-1269

        By:  <u>/s/Jack Quentin Nichols</u>
              Jack Quentin Nichols
              State Bar No. 24002692
              jack@jqnlaw.com

        ATTORNEY FOR PLAINTIFF